**UNITED STATES DISTRICT COURT**
**DISTRICT OF DELAWARE**

| | |
|---|---|
| ROBERT SCOTT, <br><br> Plaintiff, <br><br> v. <br><br> JOUNCE THERAPEUTICS, INC., RICHARD MURRAY, JIGAR RAYTHATHA, LUIS A. DIAZ, JR., BARBARA DUNCAN, ROBERT IANNONE, ROBERT KAMEN, PERRY KARSEN, and LUISA SALTER-CID, <br><br> Defendants. | Case No. <br><br> **COMPLAINT FOR VIOLATIONS OF THE FEDERAL SECURITIES LAWS** <br><br> JURY TRIAL DEMANDED |

Plaintiff Robert Scott ("Plaintiff"), upon information and belief, including an examination and inquiry conducted by and through his counsel, except as to those allegations pertaining to Plaintiff, which are alleged upon personal belief, alleges the following for his Complaint:

**NATURE OF THE ACTION**

1. Plaintiff brings this action against Plaintiff against Jounce Therapeutics, Inc. ("Jounce" or the "Company") and its corporate directors for violating Sections 14(d)(4), 14(e) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. §§ 78n(d)(4), 78n(e), 78t(a), and U.S. Securities and Exchange Commission ("SEC") Rule 14d-9, 17 C.F.R. §240.14d-9(d) ("Rule 14d-9"), in connection with the proposed acquisition of the Company by Concentra Biosciences, LLC ("Concentra"), of which Tang Capital Partners, LP ("TCP") is the controlling shareholder.[1]

---

[1] The proposed acquisition of the Company described herein is referred to as the "Proposed Transaction." Tang Capital Partners, LP ("TCP"), owner of 10.2% of the Company's

2. On March 26, 2023, the Company entered into an Agreement and Plan of Merger (the "Merger Agreement") with Concentra and Concentra's wholly owned subsidiary, Concentra Merger Sub, Inc. ("Purchaser"). The Merger Agreement provides that Concentra will acquire Jounce for $1.85 in cash and one contingent value right ("CVR") representing the right to receive 80% of the net proceeds payable from any license or disposition of certain of Jounce's legacy programs (the "CVR Products") per share of Jounce common stock, via a tender offer (the "Tender Offer").[2]

3. The Company's corporate directors subsequently authorized the April 6, 2023, filing of a materially incomplete and misleading 14D-9 Solicitation/Recommendation Statement (the "Solicitation Statement") with the SEC. The Solicitation Statement, which recommends that Company stockholders tender their shares in favor of the Proposed Transaction, omits or misrepresents material information necessary and essential to that decision. Defendants authorized the issuance of the false and misleading Solicitation Statement in violation of the Exchange Act.

4. It is imperative that the material information omitted from the Solicitation Statement is disclosed to the Company's stockholders prior to the forthcoming Tender Offer deadline, so that they can properly exercise their rights, among other things.[3]

5. For these reasons and as set forth in detail herein, Plaintiff seeks to enjoin Defendants from taking any steps to consummate the Proposed Transaction unless and until the material information discussed below is disclosed to the Company's stockholders or, in the

---

outstanding shares, is Concentra's controlling stockholder.

[2] Purchaser commenced the Tender Offer on April 5, 2023.

[3] The Tender Offer is currently scheduled to expire at 6:00 p.m. Eastern Time on May 3, 2023.

event the Proposed Transaction is consummated, to recover damages resulting from the defendants' violations of the Exchange Act.

## JURISDICTION AND VENUE

6.     This Court has jurisdiction over the claims asserted herein for violations of Sections 14(a) and 20(a) of the Exchange Act and SEC Rule 14a-9 promulgated thereunder pursuant to Section 27 of the Exchange Act, 15 U.S.C. § 78aa, and 28 U.S.C. § 1331 (federal question jurisdiction).

7.     Personal jurisdiction exists over the defendants because each defendant either conducts business in or maintains operations within this District, or is an individual with sufficient minimum contacts with this District so as to make the exercise of jurisdiction by this Court permissible under traditional notions of fair play and substantial justice.

8.     Venue is proper in this District pursuant to 28 U.S.C. § 1391 because defendants are found or are inhabitants or transact business in this District.

## THE PARTIES

9.     Plaintiff is, and has been at all times relevant hereto, the owner of Jounce common stock.

10.     Defendant Jounce is a Delaware corporation with its principal executive offices located at at 780 Memorial Drive, Cambridge, Massachusetts 02139.  Jounce's shares trade on the Nasdaq Global Select Market under the ticker symbol "JNCE."  Jounce is a clinical-stage immunotherapy company dedicated to transforming the treatment of cancer by developing therapies that enable the immune system to attack tumors and provide long-lasting benefits to patients through a biomarker-driven approach.  The Company has multiple development stage

programs ongoing while simultaneously advancing additional early-stage assets from its discovery engine based on its Translational Science Platform.

11. Defendant Richard Murray is and has been a director of the Company at all times relevant hereto and previously served as the Company's Chief Executive Officer and President until he stepped down from the roles effective March 31, 2023.

12. Defendant Jigar Raythatha has been Chairman of the Board and a director of the Company at all times relevant hereto.

13. Defendant Luis A. Diaz, Jr. is and has been a director of the Company at all times relevant hereto.

14. Defendant Barbara Duncan is and has been a director of the Company at all times relevant hereto.

15. Defendant Robert Iannone is and has been a director of the Company at all times relevant hereto.

16. Defendant Robert Kamen is and has been a director of the Company at all times relevant hereto.

17. Defendant Perry Karsen is and has been a director of the Company at all times relevant hereto.

18. Defendant Luisa Salter-Cid is and has been a director of the Company at all times relevant hereto.

19. Defendants identified in paragraphs 11-18 are collectively referred to herein as the "Board" or the "Individual Defendants."

## SUBSTANTIVE ALLEGATIONS

**The Proposed Transaction**

20. On March 27, 2023, Concentra and the Company jointly announced in relevant part:

> CAMBRIDGE, Mass., March 27, 2023 (GLOBE NEWSWIRE) -- Jounce Therapeutics, Inc. (NASDAQ: JNCE) ("Jounce" or the "Company"), a clinical-stage company focused on the discovery and development of novel cancer immunotherapies and predictive biomarkers, today announced it has entered into a definitive merger agreement whereby Concentra Biosciences, LLC ("Concentra") will acquire Jounce for $1.85 in cash per share plus a non-tradeable contingent value right (the "CVR").
>
> The $1.85 per share upfront consideration represents a premium of approximately 75% to Jounce's closing share price immediately prior to the March 14, 2023 public disclosure of Concentra's acquisition proposal.
>
> Following a thorough review process conducted with the assistance of its legal and financial advisors, Jounce's Board of Directors has determined that the acquisition by Concentra – of which Tang Capital Partners, LP is the controlling shareholder – is in the best interests of all Jounce shareholders, and has unanimously approved the merger agreement.
>
> Jounce's Board of Directors is no longer recommending the proposed all-share merger transaction (the "Redx Business Combination") with Redx Pharma Plc (AIM:REDX) ("Redx"). The Jounce Board of Directors has notified Redx of the withdrawal of its recommendation in favor of the Redx Business Combination and termination of the co-operation agreement dated February 23, 2023 between Jounce and Redx.
>
> In conjunction with the merger agreement, Jounce is implementing a workforce reduction of approximately 84% of its employees. This reduction is expected to be completed within the next month and Jounce will incur restructuring costs totaling approximately $6.5 million1. The remaining Jounce employees will work to complete the sale of the Company, conduct activities to maximize the value of the CVR, work to ensure that patients on the SELECT and INNATE trials have the opportunity to continue receiving therapy with vopratelimab, JTX-8064 and pimivalimab and to otherwise ensure a smooth transition to Concentra.
>
> Pursuant and subject to the terms of the merger agreement, a subsidiary of Concentra will commence a tender offer by April 7, 2023 to acquire all

outstanding shares of Jounce for $1.85 in cash per share at closing plus a non-tradeable CVR representing the right to receive 80% of the net proceeds payable for a period of ten years post-closing from any license or disposition of Jounce's programs effected within two years of closing and 100% of the potential aggregate value of certain specified potential cost savings.

Closing of the tender offer is subject to certain conditions, including the tender of Jounce shares representing at least a majority of the total number of outstanding shares as of immediately following the consummation of the offer; the availability of at least $110 million of cash and cash equivalents, net of any tail and closing costs, at closing, and other customary conditions. The acquisition is expected to close in the second quarter of 2023.

**The Materially Incomplete and Misleading Solicitation Statement**

21.     The Board caused to be filed the materially incomplete and misleading Solicitation Statement with the SEC on April 6, 2023.  The Solicitation Statement, which recommends that Jounce stockholders tender their shares in favor of the Proposed Transaction, fails to disclose material information to Company stockholders, or provides them with materially misleading information, concerning: (a) the analyses relied upon by the Board in connection with its determination that the Proposed Transaction is fair and in the best interests of Jounce and its stockholders; and (b) potential conflicts of interest faced by the Company's financial advisor, Cowen and Company, LLC ("Cowen").

*Material Misrepresentations and/or Omissions Concerning the Analyses Relied upon by the Board*

22.     The Solicitation Statement fails to disclose material information concerning the analyses relied upon by the Board in connection with its determination that the Proposed Transaction is fair and in the best interests of Jounce and its stockholders.

23.     For example, in its March 27, 2023 press release announcing the Proposed Transaction, the Company states:

> Following a thorough review process conducted **with the assistance of its** legal and **financial advisors**, Jounce's Board of Directors has determined that the acquisition by Concentra – of which Tang Capital Partners, LP is the controlling shareholder – is in the best interests of all Jounce shareholders, and has unanimously approved the merger agreement.

Solicitation Statement, Exhibit (a)(1)(E) (emphasis added). Yet, the Solicitation Statement fails to disclose any analyses performed by Cowen, or any other financial advisor, in connection with the Proposed Transaction.

24. Moreover, according to the Solicitation Statement, at a March 26, 2023 meeting, the transaction committee of the Board (the "Committee") determined "to forego receipt of a fairness opinion" on the Proposed Transaction "based on a variety of factors, including that the Company's Chief Financial Officer had provided advice regarding the liquidation alternative, [and] that the liquidation alternative was not overly complex to analyze[.]" *Id.* at 32. The Solicitation Statement fails, however, to disclose a full summary of the liquidation analysis relied upon by the Committee in determining to forego a fairness opinion, including the assumptions underlying the liquidation analysis.

25. The Solicitation Statement further fails to disclose the details of any prior liquidation analyses conducted by Company management during the sale process, including the liquidation analyses reviewed at the January 5, 2023 and March 8, 2023 Committee meetings and the March 14, 2023 and March 24, 2023 Board meetings.

26. The Solicitation Statement similarly fails to disclose a quantification of the factors considered by the Board in determining an orderly liquidation of the Company would likely result in a smaller return to Jounce stockholders than the Proposed Transaction. According to the Proxy Statement, "an orderly liquidation would potentially result in approximately $110 million in cash proceeds from a liquidation[.]" *Id.* at 35. Yet, the Board

concluded that "were the Company to pursue an orderly liquidation, the likely result would be a distribution to stockholders in the relative near term of less than the aggregate approximately $98 million to be paid in the Offer and the Merger[.]" *Id.* at 34-35.  The Solicitation Statement fails to disclose a quantification of the assumptions underlying the Board's conclusion that the potential $110 million in cash proceeds from a liquidation would result in less than $98 million to Jounce stockholders.  Specifically, the Solicitation Statement fails to disclose a quantification of: (i) the costs incurred by operating as a publicly listed company for an additional approximately 18 months; (ii) the cost of hiring consultants to assist with the liquidation; (iii) the cost of hiring consultants to assist with monetizing the Company's technology and product candidates; (iv) how much cash would need to be withheld to cover unknown or unforeseen potential liabilities; and (v) the projected timing of a distribution.  *See id.* at 35.

27.     Moreover, although the Solicitation Statement states that "a liquidation would likely result in a distribution to stockholders in the relative near term of less than the aggregate approximately $98 million to be paid in the [Proposed Transaction]" (*id.*), the Solicitation Statement fails to disclose what the estimated distribution to stockholders would be in an orderly liquidation – i.e., *how much less* than $98 million.  Notably, in connection with an orderly liquidation, the Company's stockholders would retain 100% of any benefit from the monetization of the CVR Products versus the 80% available to the Company's stockholders through the CVR.  *Id.*

28.     In addition, at the March 24, 2023 Board meeting, in connection with the Board's discussion of Concentra's best offer (the "March 24 Proposal"), Kim Drapkin, Treasurer and Chief Financial Officer of the Company, "provided an overview of the March 24 Proposal and a comparative analysis of three strategic alternatives: an acquisition by Parent on

8

the terms reflected in the March 24 Proposal, the proposed Redx Business Combination and liquidation of the Company [the "March 24 Comparative Analysis")]." *Id.* at 31. Following discussion of the March 24 Comparative Analysis, the Board determined to continue negotiating the final terms of the Proposed Transaction. Yet, the Solicitation Statement fails to disclose any summary of the March 24 Comparative Analysis.

29. Finally, the Solicitation Statement fails to disclose any analysis of the CVR or provide any information upon which Jounce stockholders can assess the value of the CVR or the CVR Products.

*Material Misrepresentations and/or Omissions Concerning Cowen's Potential Conflicts of Interest*

30. The Solicitation Statement fails to disclose material information concerning potential conflicts of interest faced by Cowen, including the details of any services Cowen provided to Jounce, Concentra, TPK, and their respective affiliates, in the two years preceding the date of its fairness opinion and the amount of compensation Cowen has received for such services provided.

31. The omission of the above-referenced information renders statements in the "Background of the Offer and the Merger," "Reasons for the Recommendation" and "Persons/Assets Retained, Employed, Compensated or Used" sections of the Solicitation Statement materially incomplete and misleading in contravention of the Exchange Act. Absent disclosure of the foregoing material information prior to the expiration of the Tender Offer, Plaintiff and the other stockholders of Jounce will be unable to make a sufficiently informed decision in connection with the Tender Offer and are thus threatened with irreparable harm warranting the injunctive relief sought herein.

## CLAIMS FOR RELIEF

## <u>COUNT I</u>

### Claims Against All Defendants for Violations of Section 14(d) of the Exchange Act and SEC Rule 14d-9 Promulgated Thereunder

32. Plaintiff repeats all previous allegations as if set forth in full.

33. Defendants have caused the Solicitation Statement to be issued with the intention of soliciting Jounce stockholders to tender their shares in the Tender Offer.

34. Section 14(d)(4) of the Exchange Act and SEC Rule 14d-9 promulgated thereunder require full and complete disclosure in connection with tender offers.

35. Section 14(d)(4) of the Exchange Act states:

Any solicitation or recommendation to the holders of such a security to accept or reject a tender offer or request or invitation for tenders shall be made in accordance with such rules and regulations as the Commission may prescribe as necessary or appropriate in the public interest or for the protection of investors.

36. SEC Rule 14d-9 sets forth, in relevant part:

Any solicitation or recommendation to holders of a class of securities referred to in section 14(d)(1) of the Act with respect to a tender offer for such securities shall include the name of the person making such solicitation or recommendation and the information required by Items 1 through 8 of Schedule 14D-9 (§ 240.14d-101) or a fair and adequate summary thereof[.]

37. Item 8 of Schedule 14D-9 requires a company's directors to "[f]urnish such additional material information, if any, as may be necessary to make the required statements, in light of the circumstances under which they are made, not materially misleading."

38. The Solicitation Statement violates Section 14(d)(4) and Rule 14d-9 because it omits material facts, including those set forth above, which omission renders the Solicitation Statement false and/or misleading.

39. Defendants knowingly or with deliberate recklessness omitted the material information identified above from the Solicitation Statement, causing certain statements therein to be materially incomplete and therefore misleading. Indeed, while defendants undoubtedly had access to and/or reviewed the omitted material information in connection with approving the Proposed Transaction, they allowed it to be omitted from the Solicitation Statement, rendering certain portions of the Solicitation Statement materially incomplete and therefore misleading.

40. The misrepresentations and omissions in the Solicitation Statement are material to Plaintiff and the other stockholders of Jounce, who will be deprived of their right to make an informed decision whether to tender their shares or seek appraisal if such misrepresentations and omissions are not corrected prior to the expiration of the Tender Offer. Plaintiff has no adequate remedy at law. Only through the exercise of this Court's equitable powers can Plaintiff be fully protected from the immediate and irreparable injury that defendants' actions threaten to inflict.

## COUNT II

**Claims Against All Defendants for Violations of Section 14(e) of the Exchange Act**

41. Plaintiff repeats all previous allegations as if set forth in full.

42. Section 14(e) of the Exchange Act provides that it is unlawful "for any person to make any untrue statement of a material fact or omit to state any material fact necessary in order to make the statements made, in the light of the circumstances under which they are made, not misleading . . . in connection with any tender offer or request or invitation for tenders, or any solicitation of security holders in opposition to or in favor of any such offer, request, or invitation." 15 U.S.C. § 78n(e).

43. Defendants violated Section 14(e) of the Exchange Act by issuing the Solicitation Statement to Jounce stockholders in which they made untrue statements of material facts or failed to state all material facts necessary in order to make the statements made, in light of the circumstances under which they are made, not misleading. Specifically, the Solicitation Statement misrepresented and/or omitted material facts concerning the Company's financial forecasts, the Financial Advisors' financial analyses, and Raymond James and Company insiders' potential conflicts of interest.

44. Defendants knew that Plaintiff would rely upon their statements in the Solicitation Statement in determining whether to tender his shares pursuant to the Tender Offer or seek appraisal.

45. As a direct and proximate result of these defendants' unlawful course of conduct in violation of Section 14(e) of the Exchange Act, absent injunctive relief from the Court, Plaintiff has sustained and will continue to sustain irreparable injury by being denied the opportunity to make an informed decision in deciding whether or not to tender his shares or seek appraisal.

### COUNT III

**Claims Against the Individual Defendants for Violations of Section 20(a) of the Exchange Act**

46. Plaintiff repeats all previous allegations as if set forth in full.

47. The Individual Defendants acted as controlling persons of Jounce within the meaning of Section 20(a) of the Exchange Act as alleged herein. By virtue of their positions as officers and/or directors of Jounce, and participation in and/or awareness of the Company's operations and/or intimate knowledge of the false statements contained in the Solicitation Statement filed with the SEC, they had the power to influence and control and did influence

and control, directly or indirectly, the decision-making of the Company, including the content and dissemination of the various statements which Plaintiff contends are false and misleading.

48. Each of the Individual Defendants was provided with or had unlimited access to copies of the Solicitation Statement and other statements alleged by Plaintiff to be misleading prior to and/or shortly after these statements were issued and had the ability to prevent the issuance of the statements or cause the statements to be corrected.

49. In particular, each of the Individual Defendants had direct and supervisory involvement in the day-to-day operations of the Company, and, therefore, is presumed to have had the power to control or influence the particular transactions giving rise to the securities violations as alleged herein, and exercised the same. The Solicitation Statement at issue contains the unanimous recommendation of each of the Individual Defendants to approve the Proposed Transaction. They were, thus, directly involved in the making of the Solicitation Statement.

50. In addition, as the Solicitation Statement sets forth at length, and as described herein, the Individual Defendants were each involved in negotiating, reviewing, and approving the Proposed Transaction. The Solicitation Statement purports to describe the various issues and information that they reviewed and considered – descriptions into which the Company directors had input.

51. By virtue of the foregoing, the Individual Defendants have violated Section 20(a) of the Exchange Act.

52. As set forth above, the Individual Defendants had the ability to exercise control over and did control a person or persons who have each violated Section 14(e), Section 14(d) and SEC Rule 14d-9, promulgated thereunder, by their acts and omissions as alleged herein.

By virtue of their positions as controlling persons, these defendants are liable pursuant to Section 20(a) of the Exchange Act. As a direct and proximate result of defendants' conduct, Jounce stockholders will be irreparably harmed.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment and preliminary and permanent relief, including injunctive relief, in his favor on behalf of the Company, and against defendants, as follows:

  A. Preliminarily and permanently enjoining defendants and all persons acting in concert with them from proceeding with, consummating, or closing the Proposed Transaction, including the expiration of the Tender Offer, unless and until defendants disclose the material information identified above which has been omitted from the Solicitation Statement;

  B. In the event defendants consummate the Proposed Transaction, rescinding it and setting it aside or awarding rescissory damages to Plaintiff;

  C. Directing the Individual Defendants to file a Solicitation Statement that does not contain any untrue statements of material fact;

  D. Awarding Plaintiff the costs of this action, including reasonable allowance for Plaintiff's attorneys' and experts' fees; and

  E. Granting such other and further relief as this Court may deem just and proper.

## **JURY DEMAND**

Plaintiff demands a trial by jury on all claims and issues so triable.

Dated: April 13, 2023											**LONG LAW, LLC**

By:  */s/ Brian D. Long*
Brian D. Long (#4347)
3828 Kennett Pike, Suite 208
Wilmington, DE 19807
Telephone: (302) 729-9100
Email: BDLong@LongLawDE.com

*Attorneys for Plaintiff*